GRABER v. VICTOR

---

(January 21, 1929. Opinion and Decree.)

---

Hiller and Heard, of New Orleans, attorneys for plaintiff, appellee.

Marcus and Cockern, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff was employed by defendant as a salesman in connection with defendant's real estate business. He was to receive one-half of all commissions paid on property sold through his efforts.

An arrangement was made by plaintiff with a Mrs. De Martinez, whereby Mrs. De Martinez agreed to buy a certain piece of property for $18,000.00, and agreed to sell a certain piece of property for $12,000.00.

Defendant and another real estate agent were to share a commission of 4% on both transactions. Mrs. De Martinez failed to carry out her part of the agreement, and, admitting responsibility, paid the commission, which would have been due on the proposed sale of her property, or $480.00. Of this amount defendant retained one-half or $240.00, and the other agent received the balance.

The property which Mrs. De Martinez was to buy belonged to Mr. Paillet, an intimate friend of plaintiff. In preparing the different agreements relative to the proposed sale of the two pieces of property, plaintiff signed his name as owner of the Paillet property, but, because of that fact, defendant refused to pay to plaintiff any commission on the transaction.

When the case was tried, it was admitted that plaintiff did not own the property, and, Mr. Paillet testified that he had authorized the plaintiff to act for him in the negotiations leading up to the agreement of sale and purchase. It is contended on defendant's behalf that it is not the custom in the real estate business, for agents to pay owners any commission and that since plaintiff signed the deed as owner of the property, which Mrs. De Martinez was to buy, he is not entitled to receive any commission on the sale of the property which Mrs. De Martinez was to sell.

The custom relied upon is not clearly proven, but if it had been it would be of no importance, because whether plaintiff acted improperly in describing himself as owner of the property (it appears that plaintiff owned the adjoining property) or not is immaterial, the fact remains that he was instrumental in bringing a new client into his employer's office and as a result defendant obtained a commission which was voluntarily paid. In other words, no commission was paid by Paillet and it was Paillet's property that plaintiff erroneously, and we believe inadvertently, represented himself as owning.

We find no error in the judgment appealed from and it is, therefore, affirmed.